## SKILLIMAN vs. JONES.

APPEAL from the court of the first district.

The plaintiff need not file any replication.

The return of a citation cannot be explained by parol.

Not even by the sheriff or his deputy.

The remedy, in such a case is to call on the officer to amend.

Fraud may be shown at the trial without having been alleged in a replication.

If there be a replication it may be read to the jury, to place before them a charge that might be made *ore tenus.*

The defendant cannot be admitted to demur to the evidence, unless he admit every fact which the jury may presume from it.

MARTIN, J. delivered the opinion of the court. On the return of this case, which we remanded in February term, 1824, *vol.* 2, 163. The defendant had leave to file a supplemental petition, in which, he stated that, since the institution of the suit, he had paid, satisfied and discharged the plaintiff's claim, according to a receipt. the copy of which was stated to be annexed to the answer; no copy however, was annexed; a jury was sworn, and the defendant having admitted the execution of the note, there was a verdict for the plaintiff, but on the defendant's motion, a new trial was ordered, on the ground that the receipt, mentioned in the supplemental answer, was mislaid, and could not be found at the time of the trial.

The plaintiff, now by leave, replied, that the receipt, mentioned in the last answer, was obtained by fraud and on false pretences, and without any thing having been paid.

There was a verdict and judgment for the plaintiff, and the defendant, after an unsuccessful attempt for a new trial, appealed.

Our attention is first called to four bills of exceptions, taken by the defendant's counsel.

1. The first is to the opinion of the district court, in refusing him a continuance, on the ground that he had not been served, with a copy of the plaintiff's replicatien to his supplemental answer, whereby he was unprepared to meet the charge of fraud.

2. The next was taken, on the refusal of the judge to permit the introduction of the testimony of the sheriff, offered by the defendant, as a witness to explain the return on the citation, and to prove that it was not served in both languages.

3. The third was to the replication being read to the jury, and to the introduction of evidence to support the allegation of fraud.

4. The last was to the refusal of the court to allow the defendant to demur to the evidence, because he had cross examined one of the plaintiff's witnessess.

I. The plaintiff was not bound to file any replication; the defendant's affidavit did not state that he had any witness, by whose testimony

he could rebut the charge of fraud, whose testimony was not within his reach, and could, if time was given, be obtained.

II. If the return on the citation was not perfectly correct, it could not be explained by parol evidence, even that of the sheriff or his deputy; the proper remedy, in such a case, was to call on the sheriff to amend his return and make it conformable to truth.

III. As the charge of fraud might have been urged on the trial, without having been set forth in a replication, it follows evidence was admissible to support it: and the replication might be read to the jury, to place before them a charge which might have been made *ore tenus*.

IV. The defendant could not be permitted to demur to the evidence, unless he admitted the truth of the fact, which the plaintiff endeavoured by the testimony of Gordon to establish, viz.; that the plaintiff received nothing from the defendant, and consequently, the receipt was fraudulently obtained, or was the evidence of a fact, which did not exist.

On the merits, the execution of the note was admitted, and a receipt produced to establish the payment.

The case stood on the question of fraud in ob-

East'n. District
*June* 1825.

SKILLIMAN
*vs.*
JONES

taining this receipt. The plaintiff introduced two witnesses, Gordon and Farrie.

The first stated that, in a conversation between the defendant and the plaintiff's attorney, he heard the defendant say *he had paid nothing* for the receipt in question.

On his cross examination this witness, being asked whether the defendant did not say he had paid *no money*, but had given some other thing in consideration, replied that he had given nothing for it. The witness, in a conversation with the defendant, advised him not to offer the receipt in evidence, if he had given nothing for it, when the defendant began a conversation relative to some contract between him and the plaintiff, but the witness stopped him, repeating the advice he had given him before. In the course of this conversation the defendant said the receipt had been given for the forfeiture of some contract.

Farrie deposed that when the cause was last called for trial, the defendant, alluding to the receipt on file annexed to one of his bills of exceptions, the original of which was not then known by his counsel to be on file, said he had paid no money for the receipt, and was about

stating what consideration he had given, when he was stopped by the jury.

We think the district court erred in refusing the new trial. We are not able to discover on what evidence the fraud was found.

Gordon deposes to the part of the conversation, which the defendant and the plaintiff's attorney had in his hearing, he does not give us the whole of the conversation. It is not very probable that the defendant, who sought to avail himself of the plaintiff's receipt, and who was charged with having obtained it fraudulently, would declare to the plaintiff's attorney, in the hearing of a third person, that he had not given any consideration for the receipt, that he had given nothing, without endeavoring to cover his fraud by the allegation of some ground on which he might nonestly avail himself of the receipt. We find that in two other conversations which he had with the same witness and Farrie, he urged that although no *money* had been paid, yet there was another consideration for his discharge.

Indeed the very fact of a receipt having been given without any thing being paid, would not necessarily constitute a fraud. One may release a debt due to him, by admitting that it

is paid; and if this admission was made, without any fraud in the debtor, he might honestly avail himself of the creditor's generosity.

Fraud is never presumed, it must be proved.

The pleadings nor the evidence do not enable, us even to guess at the kind of fraud which the defendant is charged with; it is not urged that the receipt is not a genuine one, that it was given in error, or that any deceit was practised by the defendant,

Every man must feel insecure and alarmed, if, when he has the evidence of his discharge under his creditor's hand, on a mere allegation of fraud, parol testimony may be introduced of part of a conversation of his, in which a fact was advanced, which the previous and subsequent parts of the conversation probably explained, and fraud be hence gratuitously inferred.

It is true the plaintiff had two verdicts, but the first was, while the defendant was incapacitated to defend himself, and his opponent was forbidden to prosecute him; the second was before the allegation of fraud was made, and when this receipt was not produced, the counsel being ignorant of the place where it was.

East'n. District.   The third is that which we are applied to set
*June* 1825.         aside.

SKILLIMAN
*vs.*
JONES.

It is therefore ordered, adjudged and decred, that the judgment of the district court, be annulled, avoided and reversed, the verdict set aside, and the case remanded, with directions to the judge to proceed thereon as if it had not been submitted to a jury; and it is ordered that the plaintiff and appellee pay costs in this court.

*Morse* for the plaintiff, *Carleton* for the defendants.